# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 11-301V

Filed: January 23, 2017

* * * * * * * * * * * * * * * *

H.J., Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

* * * * * * * * * * * * * * * *

UNPUBLISHED

Special Master Sanders

Decision on Proffer; Damages; Tetanus-Diphtheria-Acellular-Pertussis ("Tdap") Vaccine; Rheumatoid Arthritis

Ronald Homer, Conway, Homer, P.C., Boston, MA for Petitioner.
Linda Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 13, 2011, H.J. ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges that she received a Tetanus-Diphtheria-Pertussis ("Tdap") vaccine on October 10, 2008, and she suffered from rheumatoid arthritis as a result of the vaccine. Petition ("Pet") at 1.

On August 31, 2015, Special Master Hamilton-Fieldman issued a Ruling on Entitlement. ECF No. 59. She held that Petitioner's theory and medical records satisfied the three-prong test

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

in *Althen v. Secretary of Health and Human Services*, 418 F.2d 1274, 1278 (Fed. Cir. 2005). Respondent was unable to rebut Petitioner's *prima facie* case by showing that Petitioner's injury was caused by unrelated factors. *Id.* at 2.

The parties filed a joint status report on December 5, 2016, informing the Court that they had reached an agreement regarding petitioner's damages. ECF No. 87. On January 10, 2017, the case was reassigned to the undersigned. ECF No. 90.

On January 12, 2017, Respondent filed a Proffer on Award of Compensation ("Proffer"). Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

A. **A lump sum payment of $1,360,063.00 in the form of a check payable to Petitioner, H.J.; and**

B. **An amount sufficient to purchase the annuity described in section II. B. of the Proffer, Appendix A, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF THE SPECIAL MASTERS

| | |
|---|---|
| H.J.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent, | No. 11-301V<br>Special Master Herbrina D. Sanders<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I. Items of Compensation**

**A. Life Care Items**

The parties jointly engaged life care planners Maureen Clancy, RN, BSN, CLCP, and Linda Curtis, RN, MS, CCM, CNLCP, to provide an estimation of H.J.'s ("petitioner") future vaccine-injury related needs, and the parties' planners came to a joint consensus regarding appropriate items of care. All items of compensation identified in the far right-hand column of the life care plan, dated December 19, 2016, are supported by the evidence, and are illustrated by the chart entitled Summary of Life Care Items, attached hereto as Tab A. Respondent proffers that petitioner should be

awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

**B. Lost Earnings**

The parties agree that based upon the evidence of record, petitioner will never again be gainfully employed. Therefore, respondent proffers that petitioner should be awarded lost past and future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's lost past and future earnings is $1,111,018.00. This amount reflects that the award for lost future earnings has been reduced to net present value. Petitioner agrees.

**C. Pain and Suffering**

Respondent proffers that petitioner should be awarded $210,000.00 in actual and projected pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount reflects that the award for projected pain and suffering has been reduced to net present value. Petitioner agrees.

**D. Past Un-reimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $21,920.00. Petitioner agrees.

**E. Medicaid Lien**

To the best of respondent's knowledge and upon on the representation of petitioner, petitioner has never received Medicaid benefits. Accordingly, there is no Medicaid lien.

**F. Attorneys' Fees and Costs**

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

**II. Form of the Award**

The parties recommend that the compensation provided to H.J. should be made through a combination of a one-time lump sum payment and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following for all compensation[1] available under 42 U.S.C. § 300aa-15(a).

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A. A lump sum payment of **$1,360,063.00**, (representing compensation for lost

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings and future projected pain and suffering and the parties reserve the right to move the Court for appropriate relief.

past and future earnings ($1,111,018.00), pain and suffering ($210,000.00), past un-reimbursable expenses ($21,920.00), and life care expenses for Year One and a portion of life care expenses for year Two ($17,125.00)), in the form of a check payable to petitioner; and

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[3] from which the annuity will be purchased[4]. Compensation

---

[2] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in

for Year Two that was not previously paid in Year One (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to H.J., only so long as H.J. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual structured settlement benefits" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

**1. Growth Rate**

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a six percent (6%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and six percent (6%) compounded annually from the date of judgment for medical items.

**2. Life-contingent annuity**

Petitioner will continue to receive the annuity payments from the Life

---

the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Petitioner's estate shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of H.J.'s death.

### 3. Guardianship Issues

Petitioner is a legally competent adult, and aforementioned payments will be made directly to petitioner.

## III. Summary of Recommended Payments Following Judgment

A. Lump sum paid to petitioner: **$1,360,063.00**

B. An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division

s/Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4133

January 12, 2017

TAB A

Pet. H J
D.O.B. 02/01/1980

DATE: 01/11/17
TIME: 03:03 PM

SUMMARY OF LIFE CARE ITEMS - JOINT LIFE CARE PLAN updated December 19, 2016

| ITEM OF CARE | | Insurance | Ancillary Services | Equipment | Medications | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 6.0% & 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 6.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE | YEAR | | | | | | | | | |
| 37 | 2017 | 9,236.40 | 810.00 | 536.51 | 158.90 | 5,922.00 | 236.62 | 9,236 | 7,664 | 16,900 |
| 38 | 2018 | 9,236.40 | 600.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,900 | 16,966 |
| 39 | 2019 | 9,236.40 | 300.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,600 | 17,516 |
| 40 | 2020 | 9,236.40 | 300.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,600 | 18,424 |
| 41 | 2021 | 9,236.40 | 300.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,600 | 19,381 |
| 42 | 2022 | 9,236.40 | 79.98 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,380 | 20,122 |
| 43 | 2023 | 9,236.40 | 0.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,300 | 21,073 |
| 44 | 2024 | 9,236.40 | 0.00 | 97.99 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,300 | 22,178 |
| 45 | 2025 | 9,236.40 | 0.00 | 306.93 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,509 | 23,629 |
| 46 | 2026 | 9,236.40 | 0.00 | 127.84 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,330 | 24,614 |
| 47 | 2027 | 9,236.40 | 0.00 | 127.84 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,330 | 25,910 |
| 48 | 2028 | 9,236.40 | 0.00 | 127.84 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,330 | 27,278 |
| 49 | 2029 | 9,236.40 | 0.00 | 127.84 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,330 | 28,719 |
| 50 | 2030 | 9,236.40 | 0.00 | 2,717.01 | 158.90 | 5,832.00 | 210.84 | 9,236 | 8,919 | 34,551 |
| 51 | 2031 | 9,236.40 | 0.00 | 757.25 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,959 | 32,933 |
| 52 | 2032 | 9,236.40 | 0.00 | 757.25 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,959 | 34,668 |
| 53 | 2033 | 9,236.40 | 0.00 | 757.25 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,959 | 36,498 |
| 54 | 2034 | 9,236.40 | 0.00 | 757.25 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,959 | 38,427 |
| 55 | 2035 | 9,236.40 | 0.00 | 757.25 | 158.90 | 5,832.00 | 210.84 | 9,236 | 6,959 | 40,461 |
| 56 | 2036 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 53,125 |
| 57 | 2037 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 55,808 |
| 58 | 2038 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 58,633 |
| 59 | 2039 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 61,607 |
| 60 | 2040 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 64,737 |
| 61 | 2041 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 68,032 |
| 62 | 2042 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 71,501 |
| 63 | 2043 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 75,154 |
| 64 | 2044 | 9,236.40 | 0.00 | 757.25 | 158.90 | 10,824.00 | 210.84 | 9,236 | 11,951 | 79,000 |
| 65 | 2045 | 4,473.60 | 0.00 | 781.84 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,892 | 58,527 |
| 66 | 2046 | 4,473.60 | 0.00 | 756.14 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,866 | 61,245 |
| 67 | 2047 | 4,473.60 | 0.00 | 756.14 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,866 | 64,180 |
| 68 | 2048 | 4,473.60 | 0.00 | 756.14 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,866 | 67,261 |
| 69 | 2049 | 4,473.60 | 0.00 | 756.14 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,866 | 70,496 |

TAB A

Pet. H J
D.O.B. 02/01/1980

DATE: 01/11/17
TIME: 03:03 PM

SUMMARY OF LIFE CARE ITEMS - JOINT LIFE CARE PLAN updated December 19, 2016

| ITEM OF CARE | | Insurance | Ancillary Services | Equipment | Medications | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 6.0% & 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 6.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE | YEAR | | | | | | | | | |
| 70 | 2050 | 4,473.60 | 0.00 | 756.14 | 158.90 | 10,740.00 | 210.84 | 4,474 | 11,866 | 73,893 |
| 71 | 2051 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 97,477 |
| 72 | 2052 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 102,025 |
| 73 | 2053 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 106,794 |
| 74 | 2054 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 111,795 |
| 75 | 2055 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 117,039 |
| 76 | 2056 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 122,540 |
| 77 | 2057 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 128,310 |
| 78 | 2058 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 134,362 |
| 79 | 2059 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 140,712 |
| 80 | 2060 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 147,375 |
| 81 | 2061 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 154,366 |
| 82 | 2062 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 161,702 |
| 83 | 2063 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 169,402 |
| 84 | 2064 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 177,484 |
| 85 | 2065 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 185,967 |
| 86 | 2066 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 194,872 |
| 87 | 2067 | 4,473.60 | 480.00 | 756.14 | 158.90 | 15,732.00 | 14.20 | 4,474 | 17,141 | 204,222 |
| | | 361,512 | 10,550 | 32,776 | 8,104 | 540,198 | 7,436 | 361,512 | 599,064 | 3,939,893 |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*