# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 2, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| H.J., | * | No. 11-301V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Fees for Travel; Fees for Life Care |
| AND HUMAN SERVICES, | * | Planner. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 13, 2011, H.J. ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that a Tetanus-Diphtheria-acellular-Pertussis ("Tdap") vaccine administered on October 10, 2008 caused her to suffer from rheumatoid arthritis ("RA"). Ruling Ent. 1, ECF No. 59. On January 6, 2015, Special Master Hamilton-Fieldman issued a decision awarding Petitioner $78,250.00 in stipulated interim attorneys' fees and costs. Decision Int. Fees Stip., ECF No. 55. On August 31, 2015, Special Master Hamilton-Fieldman issued a ruling finding that Petitioner was entitled

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34. (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

to compensation. *Id.* On January 23, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to Respondent's proffer. Decision Proffer, ECF No. 92.

On May 11, 2017, Petitioner submitted her application for final Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 97. On May 12, 2017, Respondent filed his Response to Petitioner's motion. Resp't's Resp., ECF No. 99. Petitioner did not submit a Reply to Respondent's filing. Docket Rep. This matter is now ripe, and after careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

### I.   PROCEDURAL HISTORY

In Petitioner's Motion for final Attorneys' Fees, she requested $32,929.10 in attorneys' fees and $18,399.69 in costs, totaling $51,328.79. Mot. Att'ys' Fees 1. Petitioner averred that she incurred $176.38 in personal costs. Statement Gen. Order 9, ECF No. 98; Mot. Att'ys' Fees 1. Petitioner's counsel, Mr. Ronald Homer, requested an hourly rate of $400 for his work performed from 2015 through 2016. Mot. Att'ys' Fees 24. For 2017, Mr. Homer increased his requested hourly rate to $409. *Id.* Five other attorneys submitted hours for compensation. Similar to Mr. Homer, three of these attorneys increased their rate requests for 2017. Ms. Christina Ciampolillo requested an hourly rate of $300 for her work performed in 2015 and 2016, and increased her request to $307 for 2017. *Id.* Mr. Joseph Pepper requested an hourly rate of $290 for 2015 and 2016, and, for 2017, he requested $297 per hour. *Id.* Ms. Meredith Daniels requested $280 per hour for her work in 2016, and increased her requested rate to $286 for 2017. *Id.* Mr. Kevin Conway requested $415 per hour for his work in 2016, and Ms. Lauren Faga requested an hourly rate of $265 for her work in 2015 and 2016. *Id.*

Mr. Homer also requested compensation for the work of his firm's paralegals and law clerk. *Id.* The Homer firm's paralegals requested an hourly rate of $135 for their work in 2015 and 2016, and increased their rate request to $138 for their work in 2017. *Id.* Mr. Homer requested $145 per hour for the work of his firm's law clerk from 2015 through 2016. *Id.*

Mr. Homer's application for costs included an invoice for his use of a life care planner. *Id.* at 23. The life care planner, Ms. Maureen Clancy, requested $13,305.00 for her work in this case. *Id.*

Respondent filed a response to Petitioner's motion, but asserted that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. 1. Respondent consequently requested for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

For the reasons articulated below, the undersigned awards Petitioner $32,404.10 for attorneys' fees, attorneys' costs in full, and Petitioner's personal costs in full, for a total award of $50,980.17.

## II.   STANDARDS FOR ADJUDICATION

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel.  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between \$350 and \$425.[3]  *Id.*  An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between \$275 and \$350.  *Id.*

## III.   DISCUSSION

### A.  Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted).  *McCulloch* specifically addressed the reasonableness of the Homer firm's hourly rates.  *See* 2015 WL 5634323 at *21.  All of the requested rates for 2015 and 2016 are consistent with the rates found reasonable in *McCulloch*. The rate increases for 2017, additionally, are reasonable within the *McCulloch* framework. *McCulloch* held that a 3.7% annual growth rate is reasonable when applied to attorneys' fees.  *Id.* at *16; *see also Herrera v. Sec'y of Health & Human Servs.*, No. 15-651V, 2017 WL 1459002,

---

[3] The *McCulloch* rates have been updated on the Court's website: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf.  For attorneys with 20 to 30 years of experience in practice, the hourly fee range is \$350 to \$415.

at *3 n.3 (Fed. Cl. Spec. Mstr. Mar. 29, 2017) (discussing the 3.7% growth rate).  Therefore, the undersigned finds these rates reasonable.

At the undersigned's request, Mr. Homer submitted information regarding his firm's paralegals and law clerks.  Mot. Att'ys' Fees 2.  This information is necessary for the undersigned to determine whether Mr. Homer's requested rates for his staff are reasonable.  Mr. Homer requested compensation for the work of three paralegals, Mr. Michael Mancinelli, Ms. Sophia Billias, and Ms. Susan Farrell, and one law clerk, Mr. Nathaniel Enos.  *Id.* at 2-3, 24.  Mr. Mancinelli has been a certified paralegal for five years, and has two-and-a-half years' experience with the firm.  *Id.* at 3.  Ms. Sophia Billias is a paralegal that has been with the Homer firm for seven months and was an intern with the "Northwestern D[istrict] A[ttorney's] Office" in 2014 and 2015.  *Id.*  Ms. Susan Farrell is an Office Manager with sixteen years' experience at the firm.  *Id.*  Ms. Farrell began her career with the Homer firm as a paralegal and retained her paralegal duties upon her promotion to Office Manager.  *See* Informal Comm., dated May 30, 2017.  Ms. Farrell received training as a paralegal upon her hiring, and has continued to do so throughout her time with the Homer firm.  *Id.*  Ms. Farrell performed paralegal duties in this case, and she "routinely" functions as a paralegal in the firm's cases.  Mot. Att'ys' Fees 6, 22; Informal Comm., dated May 30, 2017.  The firm's law clerk, Mr. Nathaniel Enos, has been with the Homer firm for six years and is enrolled in the JD/MBA program at Suffolk University.  Mot. Att'ys' Fees 3.

Upon review of the documents addressing the qualifications and experience of firm personnel, the undersigned finds the requested hourly rates reasonable, with the exception of Ms. Billias' hourly rate.  Ms. Billias has been with the Homer firm for less than one year, and the undersigned will therefore compensate her at a reduced rate.  A reasonable hourly rate for Ms. Billias is $128 per hour.[4]  This deduction amounts to $5.00.

### B.  Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  A review of Mr. Homer's billing records shows them to be largely appropriate.  Mr. Homer requested compensation for travel on November 14 and 19, 2015; however, he requested compensation at half of his normal rate.  Mot. Att'ys' Fees 11, 12.  An attorney is entitled to attorneys' fees for travel if he or she can show that they performed work during that travel.  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).  Mr. Homer's records simply note "travel time," and are not sufficient for a full award of attorneys' fees.  A half award is therefore reasonable.

Although Mr. Homer requested a reasonable rate for travel, the undersigned will reduce Mr. Homer's fee award for duplicate requests related to case meetings.  On several occasions, two individuals requested fees for the same meeting.  Mot. Att'ys' Fees 7, 8, 9-10, 11, 12, 13-14, 16.  For example, on September 9, 2015, Ms. Ciampolillo and Mr. Mancinelli both requested compensation for a meeting they had with one another.  *Id.* at 7.  On September 30, 2015, Mr.

---

[4] This hourly rate is found in the 2017 Attorneys' Forum Hourly Rate Fee Schedule.  *See supra* note 3.

Homer and Ms. Ciampolillo also both requested funds for a meeting they had with each other. *Id.* at 8. This double-billing occurred nine times throughout Mr. Homer's billing records, on September 9, 2015; September 30, 2015; October 26, 2015; November 12, 2015; November 20, 2015; November 24, 2015; February 23, 2016; February 29, 2016; and June 6, 2016. *See id.* at 7, 8, 9-10, 11, 12, 13-14, 16. Special masters have reduced fee awards to Mr. Homer's firm for this very practice. *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6-7 (Fed. Cl. Spec. Mstr. June 7, 2011); *see also Avchen v. Sec'y of Health & Human Servs.*, No. 14-279V, 2015 WL 9595415, at *6 (Fed. Cl. Spec. Mstr. Dec. 4, 2015) (listing cases); *Carcamo v. Sec'y of Health & Human Servs.*, No. 07-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (reducing a fee award for "[two attorneys] each bill[ing] for meeting with one another"). Attorneys are expected to exercise "billing judgment" in applying for compensation in the Vaccine Program. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citations omitted). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (citations omitted). The undersigned will therefore subtract the fee request of the individual with the higher hourly rate for the above dates. The total for this deduction is $520.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Homer's costs largely concern the printing, shipping, and acquisition of medical records. Mot. Att'ys' Fees 22-23, 25-63. Mr. Homer also includes the costs of Ms. Clancy's and his travel to Petitioner's residence to create a life care plan. *Id.* The undersigned finds these costs requests reasonable.

Ms. Clancy's invoice for her work to create Petitioner's life care plan amounts to $13,305.00. *Id.* at 57. Invoices for life care planners should, like those of other experts, include "detailed invoices that are created contemporaneously with the hours worked." *Abbott v. Sec'y of Health & Human Servs.*, No. 10-485V, 2017 WL 2226614, at *8 (Fed. Cl. Spec. Mstr. Apr. 26, 2017) (citing *Caves v. Sec'y of Health & Human Servs.*, 111 Fed. Cl. 774, 781-83 (2013)). Ms. Clancy requested an hourly rate of $150 for 75.7 hours, and half of her rate, $75, for 26 hours of travel. Mot. Att'ys' Fees 57. Upon review, Ms. Clancy's billing records are reasonable. Petitioner's personal costs are also documented and reasonable. *See Schueman v. Sec'y of Health & Human Servs.*, No. 04-693V, 2010 WL 3421956, at *9 (Fed. Cl. Spec. Mstr. Aug. 22, 2010) (denying petitioner's costs due to lack of documentation). The undersigned will thus award costs in full.

### IV. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. Accordingly, the undersigned hereby awards the amount of **$50,980.17** as follows:

- **The total of $50,803.79,[5] to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, of Conway, Homer, P.C., for attorneys' fees and costs;**
- **The total of $176.38 to be issued in the form of a check payable Petitioner, for her costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.